OPINION *Page 2 
{¶ 1} Plaintiff Janet Conner appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which granted the parties' divorce, set spousal support, and adopted the parties' partial settlement agreement regarding property issues. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A MONTHLY SPOUSAL SUPPORT AWARD TO APPELLANT-WIFE IN TOO LOW OF A DOLLAR AMOUNT AND FOR TOO SHORT OF A DURATION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE (1) THE MARRIAGE WAS OF LONG DURATION; (2) APPELLEE-HUSBAND HAD AN ANNUAL INCOME OF OVER ONE HUNDRED THOUSAND DOLLARS ($100,000) FOR THE DECADE PRECEEDING THE PARTIES' DIVORCE; AND (3) APPELLANT-WIFE HAD BEEN A HOMEMAKER SPOUSE WITH LITTLE OPPORTUNITY TO DEVELOP MEANINGFUL EMPLOYMENT OUTSIDE THE HOME AND HAD RECENTLY RETURNED TO COLLEGE PART-TIME AFTER TWO DECADES."
 {¶ 3} The record indicates the parties were married some 23 years, and produced 2 children, who were both adults at the time of the final hearing. The matter was referred to a magistrate, who made findings of fact and conclusions of law.
 {¶ 4} Appellant objected to the magistrate's decision, and the court modified it in part, and adopted it in part.
 {¶ 5} The only issue before us is the appropriateness of the court's order appellee Bryan Conner is to pay appellant $500 per month for 48 months as spousal *Page 3 
support. Appellant argues the award is against the manifest weight of the evidence and constitutes an abuse of discretion.
 {¶ 6} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217; to property divisions in Martin v.Martin (1985), 18 Ohio St. 3d 292; to custody proceedings in Miller v.Miller (1988), 37 Ohio St. 3d 71; and to decisions calculating child support, see Dunbar v. Dunbar, 68 Ohio St 3d 369, 533-534,1994-Ohio-509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio State Med. Board, (1993),66 Ohio St.3d 619, 621.
 {¶ 7} Our standard of reviewing claims a trial court decision is against the manifest weight of the evidence was set forth in C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St. 2d 279,376 N.E.2d 578: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."
 {¶ 8} In Seasons Coal Company v. City of Cleveland (1984),10 Ohio St. 3d 77, 461 N.E.2d 1273, the Supreme Court stated: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice *Page 4 
inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal at 80.
 {¶ 9} R.C.3105.18 sets out the various factors a trial court must consider in determining whether to award spousal support, and in what amount. Those factors are:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; *Page 5 
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} Both the magistrate and the trial court made findings specific to each of the factors that apply to this case. In particular, the magistrate found appellant is attending college part-time, and will graduate in approximately four years. She anticipates earning $25,000 to $35,000 per year after she graduates.
 {¶ 25} The trial court made findings of fact in addition to, and in modification of, the magistrate's decision. The court noted pursuant to the property settlement, appellant had received large sums of money from appellee's retirement benefits, and to equalize the property settlement.
 {¶ 26} The above findings support the court's award of spousal support.
 {¶ 27} We have reviewed the record before us, and we find the trial court did not abuse its discretion in fashioning this award. We further find the award is not against the manifest weight of the evidence.
 {¶ 28} The assignment of error is overruled. *Page 6 
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs to appellant. *Page 1